UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **JEFFREY C. ENGRUM, JR.** | **CIVIL ACTION NO. 06-2182-P** |
| **VERSUS** | **JUDGE HICKS** |
| **JAMES BANKS, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

REPORT & RECOMMENDATION[1]

In accordance with the standing order of this Court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

STATEMENT OF CLAIM

Before the Court is a civil rights complaint filed in forma pauperis by pro se plaintiff Jeffrey C. Engrum, Jr. ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this Court on November 13, 2006. Plaintiff is incarcerated at the David Wade Correctional Center in Homer, Louisiana, and he alleges his civil rights were violated by prison officials. He names James Banks, Jessie Scriber and the Louisiana Department of Corrections as defendants.

Plaintiff claims that on September 27, 2006, James Banks sprayed him with mace while he was in full restraints. He claims Jessie Scriber failed to protect him and encouraged Banks to attack him. Plaintiff claims Defendants failed to provide him with medical

---

[1] This decision is not intended for commercial print or electronic publication.

treatment after the attack. He claims he suffered serious injury to his face, skin, eyes, nose, throat, mouth, ears and neck.

As relief, Plaintiff seeks compensatory and punitive damages.

For the following reasons, Plaintiff's complaint should be dismissed without prejudice for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a).

## LAW AND ANALYSIS

Congress has commanded that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a). Section 1997e requires Plaintiff to exhaust available administrative remedies before filing a Section 1983 suit and precludes him from filing suit while the administrative complaint is pending. See Wendell v. Asher, 162 F.3d 887 (5th Cir. 1999) (unexhausted claim must be dismissed even though exhausted several days after suit was filed). The Fifth Circuit has applied the requirement to claims such as the use of excessive force, see Wendell, 162 F.3d at 887, and denial of medical care. See Harris v. Hegmann, 198 F.3d 153 (5th Cir. 1999). Available administrative remedies are deemed exhausted when the time limits for the prison's response set forth in the prison grievance procedures have expired and officials have not acted. See Underwood v. Wilson, 151 F.3d 292, 295 (5th Cir. 1999). Finally, prescription on the claim is tolled while the procedure is pending. See Harris, 198 F.3d at 153.

After reviewing the complaint filed in this action, it is clear that Plaintiff has failed to exhaust administrative remedies prior to filing this complaint. Plaintiff admits in his complaint that the grievance he filed in the administrative remedy procedure was still pending when he filed this action. [Doc.1, p. 3].

Accordingly;

It is recommended that Plaintiff's claims be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED at Shreveport, Louisiana, this 22nd day of March, 2007.

                                                                                             MARK L. HORNSBY
                                                                       UNITED STATES MAGISTRATE JUDGE